# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 8552 | **DATE** | 3/9/2000 |
| **CASE TITLE** | UNITED STATES vs. 8402 W. 132nd STREET, etal | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   **Motion (65-1) for summary judgment is granted/denied in part.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 2 0 2000 | |
| ✓ | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| DW | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

Document Number

78

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DOCKETED

MAR 2 0 2000

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

8402 W. 132nd STREET, PALOS PARK,
ILLINOIS, *et al.*,

    Defendants.

No. 97 C 8552
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Melody, Joseph and Jane Foley want me to stop the forfeiture of William Foley's home. While the Constitution grants substantial power to the federal courts, *see Marbury v. Madison*, 1 Cranch 137, 2 L.Ed. 60 (1803), judicial power is limited to cases and controversies. U.S. Const., Art. III § 2. This limitation requires a plaintiff (or in this case, a claimant) to have standing, *i.e.*, a personal stake in the outcome of the litigation that demonstrates concrete adverseness between the litigants. *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703 (1962).

In this *in rem* civil forfeiture action, the government seeks to seize several pieces of real property (the defendants) as the proceeds of drug transactions. 21 U.S.C. § 881(a)(6). Melody, Joseph and Jane Foley have filed timely claims to one defendant, 8402 W. 132nd Street, Palos Park, Illinois, in an attempt to contest the forfeiture. The government moves for summary judgment on the ground that these Foleys do not have Article III standing to make a claim.[1]

---

[1] Of course, summary judgment is appropriate if, evaluating the admissible evidence in the light most favorable to the Foleys, there is no genuine issue of material fact and the government is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty*

1



Defendant 8402 W. 132nd Street is home to William Foley and his family, including claimant Joseph Foley, William's son. The other claimants are William's daughter, Melody, and his sister, Jane; neither Melody nor Jane live at the defendant. William purchased the lot at 8402 W. 132nd Street with $75,000 in cash, obtained a construction loan and built the home there. He has lived there since its construction and paid all the expenses and utility bills. In April 1996, William transferred the property to an irrevocable trust for the benefit of his children, Joseph and Melody. The property is the only asset of the trust, and Jane is the trustee. The trust provides for all income to be distributed to Joseph and Melody and for the principal (the property) to be distributed to them upon William's death. Despite this transfer of title, William and his family continued to live at the home, and William continued to pay the expenses (including mortgage payments). Jane has performed no acts as trustee; she has not paid any property expenses, charged any rent to the occupants, or distributed any income to the beneficiaries.

The government claims that William Foley is a drug dealer, that the property represents proceeds traceable to drug dealing, and that the transfer of title was a sham transaction to avoid forfeiture. The Foleys dispute the merits of these allegations, but they must first establish standing to challenge the forfeiture.[2] To satisfy Article III, the claimants must show a concrete "injury in fact" traceable to the government's forfeiture that will be redressed by a decision in their favor. *See Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, – U.S. –, 120 S.Ct. 693,

---

*Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513 (1986).

[2] Standing has both statutory and constitutional dimensions. The government does not dispute that the Foleys have satisfied the statutory requirements by filing a claim pursuant to Fed. R. Civ. P. Supp. C(6); *U.S. v. 47 W. 644 Route 38 Maple Park, Ill.*, 962 F. Supp. 1081, 1085 (N.D. Ill. 1997). The only issue here concerns constitutional standing under Article III.

704 (2000). Simply put, if the Foleys are not injured by the forfeiture, they do not present a justiciable controversy.

An interest in property is usually sufficient to give a claimant standing. *United States v. $191,910.00*, 16 F.3d 1051, 1057 (9th. Cir. 1994). Often, this proposition is mentioned with little discussion, but it merits attention. A court's consideration of a claimant's interest in property is merely a proxy for examining injury in fact; since the forfeiture of property will usually injure those who have a stake in it, courts need not spend much time worrying about the threshold question of standing. The Constitution does not require an injury of great magnitude, just a real one. However, the increased power of forfeiture granted by Congress in 21 U.S.C. § 801, *et seq.*, has been met with corresponding strategic behavior by drug dealers and traffickers targeted by the government. As a result, ownership interest is no longer the proxy for injury it once was.

An innocent owner can defeat forfeiture. 21 U.S.C. § 881(a)(6). By transferring ownership to a "straw man," one who has no real stake in the property, the accused drug dealer creates an entity that can attempt an innocent owner defense. If successful, this protects the dealer's assets; pursuant to a side agreement with the straw owner, the dealer continues to reap the benefits from the property as if she had never transferred it. To preclude this end-run around the forfeiture statute, several courts have dismissed the claims of straw owners for lack of standing. *See United States v. Contents of Accounts Nos. 3034504504 & 144-07143 at Merrill, Lynch, Pierce, Fenner & Smith*, 971 F.2d 974, 985 (3rd Cir. 1992); *United States v. $515,060.42*, 152 F.3d 491, 498 (6th Cir. 1998); *United States v. One 1981 Datsun 280ZX*, 563 F. Supp. 470, 474 (E.D.Pa. 1983).

While the machinations of drug dealers provide a true-crime backdrop to the jurisprudence of standing, the debate over "straw" owners adds nothing to the substance of Article III. These cases

3

merely suggest that an ownership interest may be illusory and therefore it is, without more, too abstract. At bottom, the legal question remains the same: straw owner or not, does the claimant suffer an injury in fact sufficient to confer standing? *See Federal Election Commission v. Akins*, 524 U.S. 11, 21, 118 S.Ct. 1777, 1784 (1998) (injury in fact must be concrete and particular).

Melody was nineteen years old when William created the trust in 1996. According to its terms, Melody is entitled to one-half of the income generated by defendant. To date, the property has generated no income and Melody has received no benefit from the property. Melody moved out of the house in March, 1996, and she did not know she had any legal interest in the property until April 6, 1999, three years later. At the time of her deposition, she was 22 years old and lived with her boyfriend and baby in Chicago.

Joseph was seventeen when William transferred the property to the trust. Like his sister, Joseph is entitled to a share of the income from the property, but there has never been any. Like his sister, he has never exercised any control over the defendant. For example, neither of the children knew that their father placed a lien on the home in 1999 to secure a loan to purchase a car. Although William testified that he did not understand he was mortgaging the property, I simply note that the children's lack of knowledge about the event indicates a lack of control or curiosity concerning this substantial asset. Joseph has never requested a distribution of income from the trustee and has never asked his father to pay rent to the trustee. He did not even know about the trust until the night before his deposition. Instead, Joseph has from time to time paid his father to help out with the household expenses, an act consistent with the notion of William as the true owner.

The forfeiture of 8402 W. 132nd St. will not alter the *status quo* as far as Melody is concerned; she will suffer no actual or imminent injury. Therefore, she does not have standing to

4

contest the forfeiture. Similarly, Joseph's interest in the property as beneficiary of the trust is not sufficient to demonstrate an actual injury to him in the event of forfeiture.

However, it appears as though a forfeiture would leave Joseph without a place to live. Despite his lack of control over the property, if forfeiture would leave him homeless and if a favorable decision would prevent this from happening, he has demonstrated a personal stake in the outcome of this litigation sufficient to satisfy the Constitution's case or controversy requirement. I note that the other seven occupants of defendant, William and his family, did not file claims and stand to suffer the same injury. But this does not change the evidence concerning Joseph. According to the record, he lives at the defendant and there is no evidence that he plans to move. A material issue of fact exists as to the nature of Joseph's injury and its redressability; therefore, I deny the government's motion for summary judgment as to Joseph Foley.

William's sister, Jane, is nominally the trustee of the property. The trust, however, does nothing. Jane does not collect rent on behalf of the trust; she does not pay any bills or maintain the *res*; and she assumes that William takes care of everything. Jane has never performed any duties consistent with the title "trustee," although she testified that she understood she was responsible for the property. In theory, and in law of course, the trust is the owner of the property; it has legal title. But injury in fact requires a showing of something concrete. Here, if the trust held no property, the trustee would not notice the difference -- nothing would change as far as she was concerned. Since the trustee cannot demonstrate an injury in fact, she does not have standing to contest these proceedings. I grant the government's motion for summary judgment with respect to Jane Foley.

## CONCLUSION

Plaintiff's motion for summary judgment is granted in part, denied in part. Melody and Jane Foley do not have standing to contest forfeiture. A material fact issue with respect to Joseph Foley's standing precludes summary judgment against him.

ENTER:

James B. Zagel
United States District Judge

DATE: MAR - 9 2000