Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 8552 | **DATE** | 3/23/2001 |
| **CASE TITLE** | UNITED STATES OF AMERICA vs. 1131 AEGEAN DRIVE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Opinion and Order. It is hereby ordered that the 1996 Chrysler Town and Country Van be forfeited to the United States of America.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 2 6 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | 117 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| LG | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED
MAR 2 6 2001

UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION.

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1131 AEGEAN DRIVE,
SCHAUMBURG, ILLINOIS, et. al.,

    Defendants.

Case No. 97 C 8552

The Honorable John W. Darrah

## OPINION AND ORDER

### PROCEDURAL HISTORY

On December 10, 1997, the United States filed a complaint for forfeiture pursuant to 21 U.S.C. § 881(a)(6) against various properties, a 1996 Chrysler Town and Country van, and $20,000 in United States currency. On April 9, 1998, a default judgment and decree of forfeiture was entered as to the $20,000. On July 29, 1999, a stipulation to dismiss defendant Vacant Lot located at 151st Street and West Avenue, Orland Park, Illinois was granted. On July 6, 2000, a Motion for entry of final judgment against 1131 Aegean Drive, Schaumburg, Illinois was granted. On February 14, 2001, the Court granted the government's motion for entry of stipulation for settlement as to defendants 6213 and 6217 West 99th Street, Oak Lawn, Illinois and 8402 West Street, Palos Park, Illinois.

The government now seeks forfeiture of the 1996 Chrysler Town and Country van pursuant

to 21 U.S.C. § 881(a)(6). A bench trial on this remaining claim was conducted on February 20, 2001. This opinion and order represents the findings from that trial.

## UNDISPUTED FACTS

On or about July 30, 1990, Fred Corres purchased a 1991 Ford Explorer from Joe Cotton Ford in Carol Stream for $23,635.00. Fred Corres made an initial down payment of $10,000 and paid the remaining amount with a personal check and a cashier's check.

The claimant, Chi Hyon Cores, met Fred in 1993 during her employment at the VIP Tanning Spa. In September 1993, Chi Cores moved into the residence at 1131 Aegean Drive, Schaumburg, Illinois with Fred Cores and his children. Fred Cores divorced his wife and married Chi Cores in August, 1996.

On or about June 28, 1995, Fred Cores and Chi Hyon Kang (a/k/a Chi Cores) purchased a 1996 Chrysler Town & Country van from Clifford Chrysler Plymouth in Buffalo Grove, Illinois. The purchase price was $30,742.31 (excluding sales tax). As part of the purchase price, Fred Cores traded in his 1991 Ford Explorer. The remainder of the purchase price was paid via a personal check drawn on Chi Kang's bank account in the amount of $19,916.27. The purchase, title, and registration documents listed Fred Cores and Chi Kang as co-owners of the defendant vehicle. On September 13, 1995, an application for a corrected title was filed with the Illinois Secretary of State removing Fred Cores' name from the title.

## CONCLUSIONS OF LAW

Property used to commit a violation of the federal drug laws, including proceeds traceable to drug trafficking, is subject to forfeiture. 21 U.S.C. § 881(a)(6). The United States, as the party seeking forfeiture, has the initial burden of establishing probable cause to believe that the property

is subject to forfeiture. *United States v. All Assets and Equipment of West Side Bldg. Corp.*, 58 F.3d 1181, 1187 (7th Cir. 1995). To meet this burden, the United States must establish a "reasonable ground for the belief of guilt supported by less than prima facie proof but more than mere suspicion." *Id.* at 1188. The United States need not prove a direct connection between the subject property and the illegal activity which makes the property forfeitable. Likewise, the government need not trace the property to a specific criminal transaction.

In determining whether the government has met the burden of showing probable cause, the Court looks to the totality of the circumstances and may consider circumstantial evidence. *Illinois v. Gates*, 462 U.S. 213, 230 (1983). *See also* United *States v. $87,060.00*, 23 F.3d 1352, 1354 (8th Cir. 1994).

"[P]robable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Gates*, 462 U.S. at 244 n. 13. Where a claimant's verifiable income cannot possibly account for the level of wealth displayed and where evidence of drug trafficking exists, "then there is probable cause to believe that the item of wealth is either a direct product of the illicit activity or it is traceable to the activity as proceeds." *United States v. Edwards*, 885 F.2d 377, 390 (7th Cir. 1989).

The United States has shown there is probable cause to believe that the 1996 Chrysler Town & Country van which forms the basis of this suit was purchased with the proceeds of illegal drug trafficking. Fred Cores obtained substantial sums of money from the sale of thousands of pounds of marijuana during the period 1986 to 1997.

Since the United States has established probable cause, the burden shifts to the claimant to show by a preponderance of the evidence either that the defendant vehicle was purchased with

money earned from a legitimate source or that the claimant was an innocent owner. *U.S. v. One Parcel of Lands Located at 7236 Highway 45 North*, 965 F.2d 311, 314 (7th Cir. 1992). In order to establish the innocent owner defense, the claimant must show by a preponderance of the evidence that the illegal activity occurred without the claimant's knowledge or consent. *One Parcel*, 965 F.2d at 315.

As appears in the following findings of fact, claimant has failed to show by a preponderance of the evidence either that the vehicle was purchased with money from a legitimate source, or that she was an innocent owner. Fred Cores' tax returns establish that he did not earn enough legitimate income to purchase the 1991 Ford Explorer that was used in the trade-in for the 1996 Chrysler van. Chi Cores' tax returns establish, and the evidence clearly demonstrates, that she did not earn enough legitimate income to purchase the 1996 Chrysler van.

If the claimant cannot rebut the government's evidence, then "the government's showing of probable cause, standing alone, will support a judgment of forfeiture." United States v. $87,118.00 in United States Currency, 85 F.3d 511, 518 (7th Cir. 1996). Since the claimant has failed to establish that the funds derived from a legitimate source or that she was an innocent owner, the 1996 Chrysler Town and Country van is forfeited to the United States of America.

### FINDINGS OF FACT

1. In January 1994, federal agents discovered a "stash house" in Tucson, Arizona where large quantities of marijuana were stored awaiting transportation and delivery in the Chicagoland area.

2. Present at the "stash house" was a rental car, which was rented to David M. Staszak ("Staszak").

3. Staszak was an owner of Frontier Liquors in Itasca, Illinois. His partner was Dennis Kaczmarek ("Kaczmarek").

4. Kaczmarek further advised that Staszak hired drivers to drive the marijuana to Illinois in a white "step-van." Upon hiring a new driver, Staszak titled the step-van in the new driver's name.

5. One driver, Edgar Schulze, drove approximately 30 loads of marijuana to Illinois, totaling 20,000 to 25,000 pounds.

6. Prior to 1992, the marijuana was taken to Staszak's house in suburban Chicago and split between two persons, Fred M. Cores and William Foley, who then resold the marijuana.

7. Starting in 1992, Staszak's loads of marijuana were then driven to the warehouse of a front company named "Anderson Pallet" in Elk Grove, Illinois, where they continued to be split by Fred Cores and William Foley.

8. From 1986 to 1995, Staszak delivered between 6,000 and 10,000 pounds of marijuana to Fred Cores and William Foley each year.

9. Fred Cores and William Foley were Staszak's only customers. They each paid Staszak on delivery.

10. Between 1986 and 1995, Fred Cores purchased numerous parcels of both residential and commercial real estate, vehicles, and other assets.

11. During this time, Fred Cores gained substantial income from trafficking in marijuana.

12. Staszak was convicted in the District of Arizona and served a 36-month federal sentence for conspiracy to possess marijuana with the intent to distribute. In his plea agreement, Staszak admitted to delivery of no less than thirty 1,000-pound loads of marijuana between October

15, 1991 and January 6, 1994.

13. In 1991, Fred Cores reported income of $73,616.00 on his joint federal income tax return, including $8,000 as salary from Ken-Den Corporation, the parent corporation of Frontier Liquors.

14. In 1992, Fred Cores reported income of $98,651 on his joint federal income tax return, including $42,600 as salary from Ken-Den Corporation.

15. In 1993, Fred Cores reported income of $92,637 on his joint federal income tax return, including $28,800 as salary from Andersen Pallet and $15,200 from Ken-Den Corporation.

16. On March 13, 1997, Fred Cores was arrested by a United States Customs Service task force for possession with intent to deliver more than 1,000 pounds of marijuana.

17. On March 26, 1998, Fred Cores pleaded guilty in the Circuit Court of Cook County, Chicago, Illinois to possession with the intent to deliver more than 500 grams of marijuana and was sentenced to two years' probation.

18. On August 11, 2000, Fred Cores was arrested by the Drug Enforcement Administration with approximately 440 pounds of marijuana. A subsequent search of his house, which was also Chi Cores' residence at the time, recovered more than $43,800 in United States currency, a Technitrol money counting machine, a digital scale, and five books and magazines on marijuana. Fred Cores was indicted on federal drug trafficking charges, which are currently pending in the Northern District of Illinois.

19. On June 23, 1993, Fred Cores purchased 1131 Aegean Drive, Schaumburg, Illinois for $240,000, paying with seven cashier's checks in the amounts of $20,000.00, $21,000.00, $32,962.54, $70,000.00, $27,000.00, $36,000.00, and $9,000.00; each was drawn on a

different bank.

20. On July 30, 1990, Fred Cores purchased a 1991 Ford Explorer from Joe Cotton Ford in Carol Stream. The purchase price was $23,635.00. Fred Cores made an initial cash down-payment of $10,000 and paid the remainder with a personal check and a cashier's check.

21. In 1990, Fred Cores had total expenditures of $189,196.00. That same year, he reported earnings of $91,329.00 on his federal income tax return.

22. Fred Cores has consistently refused to answer any questions regarding his income in 1990, thereby invoking his Fifth Amendment right against self-incrimination.

23. On or about June 28, 1995, claimant Chi Cores (a/k/a Chi Kang), along with Fred Cores, purchased a 1996 Chrysler Town & Country van from Clifford Chrysler Plymouth in Buffalo Grove, Illinois. The purchase price was $30,742.31, excluding sales tax.

24. In exchange for the van, Fred Cores traded in his 1991 Ford Explorer, and Chi Cores paid the remaining amount with a personal check in the amount of $19,916.27.

25. At the time of this purchase, Chi Cores and Fred Cores resided together at 1131 Aegean Drive in Schaumburg.

26. The purchase, title, and registration documents listed both Fred and Chi Cores as owners of the defendant vehicle.

27. On September 13, 1995, an application for a corrected title was filed with the Illinois Secretary of State removing Fred Cores' name from the title of the defendant vehicle.

28. At the time of the purchase of the 1996 Chrysler Town and Country van, Fred Cores earned substantial income from the sale of marijuana.

29. In 1994, Chi Cores reported on her federal income tax return that she earned wages that year

in the amount of $21,600. She also reported gambling winnings of $18,800 and gambling losses of $13,800.

30. Chi Cores' gambling winnings for 1994, as reported, occurred prior to April 21, 1994.

31. After May 1, 1994, Cores deposited $17,519.20 in her bank accounts despite the fact that her yearly income prorated over that time would have been only $12,600.

32. In 1995, Chi Cores reported on her federal income tax return that she earned wages that year in the amount of $21,400. She also reported gambling winnings of $32,200 and gambling losses of $15,500.

33. Chi Cores' gambling winnings for 1995, as reported, were $2,850 prior to June 30, 1995, and $27,100 after that date, which is the purchase date of the Chrysler van.

34. Prior to June 30, 1995, Chi Cores deposited $21,504.65 in her bank accounts despite the fact that she reported wages of only $21,400 for the entire year. Her wages prorated to June 30, 1995 would have been $10,700.

35. On August 14, 1995, $28,519.00 was deposited into Chi Cores' savings account. When asked about the source of this deposit, Chi Cores could not remember "what this deposit is about."

36. The August 14, 1995 deposit was more than her reported wages for the entire year.

## CONCLUSION

Is it therefore ordered that the 1996 Chrysler Town and Country van be forfeited to the United States of America.

John W. Darrah, Judge

United States District Court

Date: March 23, 2001